McKinney, J.,
delivered the opinion of the Court.
This suit was commenced by warrant before a justice of the peace of Campbell, by the plaintiff as guardian of the minor heirs of John Queener, deceased, to recover the rent of a tract of land belonging to his wards, used and occupied by the defendant during the year 1848, under a verbal lease.
The plaintiff directed the officer, when he placed the warrant in his hands, that if the defendant would execute a note under seal for the amount of the rent *53 sued for, with Jacob Queener and John Jones as securities, and pay the officer his costs, to accept the same in satisfaction of the plaintiff’s demand. The defendant accepted, and complied with the terms of this proposition. The exact point of time at which the note was executed, does not distinctly appear; though it is pretty certain that it was in the interval between the service of the warrant and the trial before the justice. The plaintiff for some cause not disclosed, at first refused to receive the note from the officer, and the case proceeded to trial before the justice, who rendered judgment in favor of the plaintiff for $46.60, on the 31st of March, 1849. The defendant appealed to the Circuit Court, where a trial was had at the June Term, 1854, and verdict and judgment were for the defendant as to the debt sued for, but against him for the costs; from the latter judgment he appealed in error to this Court.
It appeal’s, that after judgment by the justice, the plaintiff demanded from the officer the note above mentioned and took the same into his possession.
On the trial in the Circuit Court, the facts in respect to the execution of said note, and its acceptance by the plaintiff, were shown • in evidence, and relied upon, orally, as a plea puis darrein continuance. The Court held, and we think correctly, that it was allowable for the defendant to avail himself of the matter, in this mode, as a defence to the suit. The bill-single, executed by the express direction of the plaintiff, in satisfaction of the demand sued for, and afterwards accepted by him, merged the simple contract debt, and extinguished the cause of action upon *54 which the suit was founded, — the bill-single having been executed before judgment.
The judgment against the defendant for the costs- of the suit, is warranted by the case of Cannon vs. Blackemore, 10 Humph. 227: and the case before us does not require that we should criticise that judgment, although it is perhaps open to criticism. It does not appear that the matter of the plea puis darrein continuance was set up by the defendant on the trial before the justice; nor did he, as he might have done, put in a plea in writing; setting forth this matter, at the term of the Circuit Court to which the appeal was returned, nor at any subsequent term. But, for a period of more than five years, during which the case was pending in said court, reserved the matter; and for the first time set up the defence, by plea ore tenus, on the trial. And although, in cases originating before justices of the peace, such a practice has been. sanctioned; yet the plea was properly treated as not put in until the trial. And in this view the defendant was subject to all the costs which had previously accrued, including the costs of trial.
Judgment affirmed.